UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

ANDREW ILAYAYEV,

Defendant.

05-CR-836

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

Andrew Ilayayev was originally sentenced by this court on June 12, 2007 to time served and five years of supervised release, having pled guilty to conspiracy to distribute and possession with intent to distribute MDMA in violation of 21 U.S.C. §§ 841(b)(1)(C) and 21 U.S.C. § 846(a)(1). A $100 special assessment was imposed. A special condition of his supervised release was that the defendant participate in a drug and alcohol treatment program as directed by the Probation Department.

Despite claims that he wants to end his addiction, the defendant has failed to engage in mandated drug treatment and consistently violated the terms of supervised release. Multiple opportunities for reform have been offered and squandered.

Following his sentence, the defendant was initially given the opportunity to participate in the STAR Court, the first federal drug treatment court. He was discharged from the program due to his continuing drug use and other non-compliant behavior. His conditions of supervised release were modified to include ninety days of home confinement.

On June 30, 2011, Ilayayev pled guilty to the charges of drug possession and failing to inform the Probation Department of a new arrest. The defendant was sentenced to one day of incarceration followed by twenty-four months of supervised release. As part of his supervised release, the defendant was required to participate in an inpatient drug treatment program for twelve to eighteen months as directed by the Probation Department

Drug addiction led to further violations. On November 28, 2011, he pled guilty to the charge of failure to participate in drug treatment and was sentenced to twenty-four months of supervised release with the special conditions that he reside in a residential reentry center (RRC) for one hundred eighty days and participate in substance abuse treatment.

On February 4, 2012, the defendant was discharged from the RRC for reverting to illicit drug usage.

On April 9, 2012, Ilayayev pled guilty to a single charge of violation of a condition of supervised release. The charge alleged that on February 4, 2012, the defendant violated the special condition of supervised release that mandated he reside in the RRC for a period of one hundred and eighty days. The instant violation is classified as a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). The defendant's criminal history category at the time he was originally sentenced was III, yielding a guidelines range of imprisonment for the violation of between five and eleven months. *See* U.S.S.G. § 7B1.4(a).

Ilayayev was sentenced on April 9, 2012 to eight months of incarceration, followed by discharge from supervised release. Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant appears unimproved by supervision. Despite multiple opportunities given and treatment options explored, he appears unable or unwilling to cease using drugs. Further federal supervision would not serve any further benefit at this time.

Jack B. Weinstein
Senior United States District Judge

Dated: April 9, 2012
      Brooklyn, New York